UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **RACHAEL REINKE**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**BABCOCK NEIGHBORHOOD SCHOOL, INC.**, a Florida not-for-profit corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:23-cv-852<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **RACHAEL REINKE** ("**REINKE**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2. The Plaintiff, **RACHAEL REINKE** ("**REINKE**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida. At all material times, **REINKE** performed work primarily in Charlotte County, Florida, which is within the Middle District of Florida, during the events giving rise to this

1

case. **REINKE** was an employee within the contemplation of the FMLA. Venue for this action lies in the Middle District of Florida, Fort Myers Division.

3. The Defendant, **BABCOCK NEIGHBORHOOD SCHOOL, INC.** ("**SCHOOL**" or "Defendant") is a Florida corporation with a principal place of business in Charlotte County, Florida. **SCHOOL** was **REINKE**'s employer within the meaning of the FMLA as it employs in excess of 50 employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Charlotte County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **REINKE** began her employment with the Defendant in or about August 2019, and was employed as a middle school science teacher.

7. **REINKE** performed her assigned duties in a professional manner and was very well qualified for her position.

8. In fact, **REINKE** always received fully successful to exceptional performance reviews from the Defendant prior to developing a disability and

2

requesting reasonable accommodations and FMLA leave. For example, the Defendant rated her as "highly effective" for the 2021-22 school year, and also rated her as "highly effective" in the performance review it issued on June 7, 2023 for the 2022-23 school year (though it identified her attendance as an area for improvement), but in no category did the Defendant rate her anything lower than "effective."

9. **REINKE** was a qualified person with a disability, and thus a member of a protected class, as she suffers from impairments of the mental-emotional system.

10. **REINKE**'s impairments impact her ability to perform major life activities, such as thinking and working when not in remission.

11. **REINKE** has a history of these impairments that limits major bodily functions and several major life activities. **REINKE**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

12. In or about March 2023, **REINKE** requested and was approved by the Defendant to take intermittent FMLA leave.

13. However, several weeks after **REINKE** began taking intermittent FMLA leave, the Defendant informed her on or about June 20, 2023 that it would not be renewing her contract for the upcoming school year. The Defendant cited **REINKE**'s absences as a reason why her contract was being non-renewed.

14. Accordingly, the Defendant ended **REINKE**'s employment on or about June 30, 2023.

15. Thereafter, **REINKE** began seeking new employment at various other schools in Southwest Florida, including with the Lee County School District.

16. The Lee County School District made a conditional offer of employment to **REINKE** but rescinded claiming they could not obtain a positive job reference from Defendant.

17. The Defendant has interfered with **REINKE**'s rights under the FMLA and has engaged in retaliation in violation of the FMLA.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

18. The Plaintiff hereby incorporates by reference Paragraphs 1-17 in this Count by reference as though fully set forth below.

19. **REINKE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she began suffering from a serious health condition, **REINKE** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

20. **REINKE** informed the Defendant of her likely need for leave for her serious health condition.

21. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

22. If the Defendant were to have decided that **REINKE**'s absence was **not** FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

23. The Defendant has never provided **REINKE** with any notice disqualifying her FMLA leave.

24. In fact, the Defendant determined that **REINKE** was eligible for leave under the FMLA and yet refused to allow her intermittent leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

25. **REINKE** engaged in activity protected by the FMLA when she requested intermittent leave due to her serious health conditions, consistently informing the Defendant of the same.

26. The Defendant knew, or should have known, that **REINKE** was exercising her rights under the FMLA and was aware of **REINKE**'s need for FMLA-protected absence.

27. **REINKE** complied with all of the notice and due diligence requirements of the FMLA.

28. The Defendant was obligated, but failed, to allow **REINKE** to take FMLA leave and to return **REINKE**, an employee who requested intermittent FMLA leave, to her former position or an equivalent position with the same pay, benefits, and

working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

29. A causal connection exists between **REINKE**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **REINKE** a benefit to which she was entitled under the FMLA.

30. As a result of the above-described violations of FMLA, **REINKE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

31. The Plaintiff hereby incorporates by reference Paragraphs 1-17 in this Count by reference as though fully set forth below.

32. **REINKE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or

mental condition that involves treatment by a health care provider and **REINKE** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

33. **REINKE** informed the Defendant of her need for intermittent leave due to her serious health conditions.

34. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

35. If the Defendant were to have decided that **REINKE**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

36. The Defendant has never provided **REINKE** with any notice disqualifying her FMLA leave.

37. In fact, the Defendant determined that **REINKE** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and reinstatement.

38. **REINKE** engaged in activity protected by the **FMLA** when she requested intermittent leave due to her serious health conditions and reinstatement, consistently informing the Defendant of the same.

39. The Defendant knew that **REINKE** was exercising her rights under the FMLA.

40. **REINKE** complied with all of the notice and due diligence requirements of the FMLA.

41. A causal connection exists between **REINKE**'s request for FMLA-protected leave and reinstatement and the Defendant's termination of her employment.

42. The Defendant retaliated by altering the terms and conditions of **REINKE**'s employment by terminating **REINKE**'s employment because she engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

43. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **REINKE**'s employment (and causing her to remain unemployed) because she engaged in activity protected by the FMLA.

44. As a result of the above-described violations of FMLA, **REINKE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated

damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: October 6, 2023

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com